**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| CONGRESSMAN ROBERT "BOB" ONDER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF MISSOURI *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:26-cv-01424-SRC<br>Oral Argument Requested |

**PROPOSED INTERVENOR-DEFENDANTS' MOTION TO INTERVENE AS DEFENDANTS**

Pursuant to Federal Rules of Civil Procedure 24(a)(2) and 24(b)(1)(B), Proposed Intervenor-Defendants People Not Politicians ("PNP") and Richard von Glahn (collectively, "Proposed Intervenors") respectfully move this Court for leave to intervene as defendants. In support of this Motion, Proposed Intervenors state as follows:

1. Plaintiffs filed this action on September 4, 2026, challenging the Missouri Supreme Court's unanimous September 3, 2026 decision in *Von Glahn v. Hoskins*, No. SC101805 (Mo. banc Sept. 3, 2026). *Von Glahn v. Hoskins* held that the Missouri Constitution authorizes a referendum on the congressional redistricting legislation House Bill 1 ("HB 1"), ordered the Secretary of State to place the referendum on the November 2026 ballot and to refrain from implementing HB 1 unless and until voters approve it. Plaintiffs seek a temporary restraining order and preliminary injunction requiring the Missouri Secretary of State to use the HB 1 congressional map for the November 3, 2026 general election.

2. PNP is the organization that collected over 300,000 signatures from Missouri voters and submitted the referendum petition on HB 1 to the Missouri

Secretary of State on December 9, 2025. Richard von Glahn is PNP's executive director, a Missouri citizen, St. Louis County resident, taxpayer, and qualified voter who submitted the petition on PNP's behalf, challenged the Secretary of State's certificate of insufficiency in state court, and was the prevailing party in *von Glahn v. Hoskins*.

3. The Defendant State of Missouri itself has recognized that PNP and von Glahn are the real parties in interest in any dispute over the referendum on HB 1: in October 2025, the Missouri General Assembly, Secretary of State Hoskins, and the State of Missouri filed a federal lawsuit in this Court naming von Glahn and PNP as the sole defendants, seeking to enjoin them from pursuing the referendum. *See Missouri Gen. Assembly v. von Glahn*, No. 4:25-CV-1535-ZMB (E.D. Mo.).

4. Proposed Intervenors have a direct, substantial, and legally protectable interest in this action that may be impaired if intervention is not granted. They are the parties who prosecuted the underlying state court action, obtained the Missouri Supreme Court judgment that Plaintiffs seek to enjoin, and whose constitutional rights under the Missouri Constitution—including the right to a referendum on legislative acts—are at stake. If Plaintiffs prevail, the judgment in *von Glahn v. Hoskins* will be effectively nullified, and the referendum for which PNP collected over 300,000 signatures will have no meaningful effect on the November 2026 election.

5. The existing defendants—the State of Missouri and Secretary of State Denny Hoskins—cannot adequately represent Proposed Intervenors' interests. The Secretary of State *opposed* PNP's referendum petition, issued a certificate of insufficiency, and is currently seeking a stay of the Missouri Supreme Court's decision at the United States Supreme Court. *See Hoskins v. von Glahn*, No. 26A304 (U.S.).

6. Moreover, Plaintiffs' counsel in this case simultaneously filed a brief at the Supreme Court of the United States supporting the Secretary's stay application, raising serious doubts that a genuine adversarial proceeding exists in this action among the present parties. *See United States v. Johnson*, 319 U.S. 302, 305 (1943).

7. Without Proposed Intervenors, no party before this Court will present a defense of the Missouri Supreme Court's judgment—a deficiency that implicates both the adequacy of representation and Article III's case-or-controversy requirement.

8. This Motion is timely. The Complaint was filed only yesterday, September 4, 2026, and this Motion is being filed at the earliest possible stage of the proceedings.

9. In accordance with Federal Rule of Civil Procedure 24(c), Proposed Intervenors have attached hereto a proposed Motion to Dismiss.

10. The grounds for intervention are set forth more fully in the accompanying Memorandum of Law in Support of this Motion, filed contemporaneously pursuant to E.D. Mo. Local Rule 4.01(A).

11. Given the pending motion for a temporary restraining order and preliminary injunction, Proposed Intervenors respectfully request that the Court grant this Motion on an expedited basis and before ruling on Plaintiffs' motion for a temporary restraining order and preliminary injunction, so that Proposed Intervenors may be heard. A federal court should not enjoin a state supreme court's unanimous judgment without hearing from the parties who obtained it—especially where the existing defendants are not defending that judgment.

WHEREFORE, Proposed Intervenor-Defendants People Not Politicians and Richard von Glahn respectfully request that this Court grant their Motion to Intervene as

Defendants, accept their proposed Motion to Dismiss for filing, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**STINSON LLP**

*/s/ Charles W. Hatfield*
Charles W. Hatfield, No. 40363
Jeremy A. Root, No. 59451
Alexander C. Barrett, No. 68695
Alixandra S. Cossette, No. 68114
Greta M. Bax, No. 73354
230 W. McCarty Street
Jefferson City, Missouri 65101
Phone: (573) 636-6263
Facsimile: (573) 636-6231
chuck.hatfield@stinson.com
jeremy.root@stinson.com
alexander.barrett@stinson.com
alix.cossette@stinson.com
greta.bax@stinson.com

*Attorneys for Proposed Intervenor-Defendants People Not Politicians and Richard von Glahn*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2026, I electronically filed the foregoing using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Charles W. Hatfield*
Charles W. Hatfield