**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CONGRESSMAN ROBERT "BOB" ONDER,<br>RICHARD "RICK" BRATTIN,<br>PATRICIA "PAT" THOMAS, and<br>DEBRA HAVENS,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF MISSOURI and DENNY<br>HOSKINS, in his official Capacity<br>as Missouri Secretary of State, | ) | Case No. 4:26-cv-01424 |

Defendants.

**PROPOSED INTERVENOR-DEFENDANTS' SUPPLEMENTAL**
**BRIEFING ON ABSTENTION AND THE SUPREME COURT STAY APPLICATION**

On September 5, 2026, this Court requested supplemental briefing on two issues: "(1) whether federal abstention doctrines or the *Rooker-Feldman* doctrine apply, *see Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983), and (2) the impact that a Supreme Court ruling on the pending Emergency Application for Stay and Administrative Stay Pending Appeal in Hoskins v. von Glahn, No. 26A304, would have on this case." (ECF No. 13.) Proposed Intervenors addressed several different abstention doctrines in their proposed Motion to Dismiss. They submit this short supplemental filing in response to the Court's Order.

As set forth below, this Court should abstain under *Rooker-Feldman* and other federal abstention doctrines, and the Supreme Court's ruling on the pending stay application—whether to grant or deny—would not substantially affect the jurisdictional and jurisprudential reasons this case should be dismissed.

## I. This Court Should Abstain

Proposed Intervenors addressed the application of federal abstention doctrines in their motion to dismiss. See ECF 12-4 at 6-7 (addressing *Rooker-Feldman* abstention), at 5-6 (addressing *Colorado River* abstention), at 9-10 (addressing *Younger* abstention), at 7-9 (addressing *Purcell* and *Growe*). Each of these doctrines clearly applies here. *Rooker-Feldman* "forecloses indirect attempts to undermine state court decisions," *Brown v. Sweeney*, 242 F.3d 374 (8th Cir. 2000), and Plaintiffs' Complaint cannot be characterized any other way. Accordingly, this Court should dismiss under *Rooker-Feldman*. The Secretary's response to the Motion for Temporary Restraining Order (ECF No. 11) makes the point stronger. His argument is essentially that he *wants* to do what Plaintiffs ask, but he cannot because of the Missouri Supreme Court's judgment. Plaintiffs' complaint is not with the Secretary, but with the Missouri Supreme Court.

*Younger* abstention likewise requires this Court to abstain. This case, with its direct challenge to the unanimous Missouri Supreme Court decision in *von Glahn v. Hoskins*, is "a proceeding implicating a state's interest in enforcing the orders and judgments of its courts." *Minnesota Living Assistance, Inc. v. Peterson*, 899 F.3d 548, 552 (8th Cir. 2018). Indeed, the basic ask is that this Court interfere in an injunction the Missouri Supreme Court has issued. But, as the Supreme Court emphasized, "[f]ederal-court review of districting legislation represents a serious intrusion on the most vital of local functions." *Miller v. Johnson*, 515 U.S. 900, 915 (1995). The additional *Middlesex* factors "appropriately considered by a federal court before invoking *Younger*," *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 81 (2013), also clearly favor abstention. The state proceeding "(1) is judicial in nature, (2) implicates important state interests, and (3) provide[d] an adequate opportunity to raise constitutional challenges." *Minnesota Living Assistance, Inc.*, 899 F.3d at 553. The federal questions that Plaintiffs seek to raise (and the named

Defendants in this collusive suit concede) were briefed and argued in the state courts, and the Supreme Court of Missouri conclusively found they were "waived and abandoned." They cannot be resurrected now, and *Younger* strongly counsels abstention.

*Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817-18 (1976), also supports abstention "when parallel state and federal actions exist and exceptional circumstances warrant abstention." This case is undoubtedly parallel to *von Glahn*—there is no daylight between the relief Plaintiffs seek here and the relief Defendants seek in their stay application to the U.S. Supreme Court. Moreover, exceptional circumstances warrant abstention. Missouri's statutory deadline for court-ordered changes to the general election ballot is tomorrow, September 8, 2026. The state's interest in enforcing its constitutional right to referendum in the lawmaking process, as well as its districting legislation, is paramount. As the Supreme Court declared in *Growe v. Emison*, 507 U.S. 25, 34 (1993): "States have the primary duty and responsibility to perform [redistricting], and federal courts *must defer* their action when a State, through its legislative *or judicial branch*, has begun in timely fashion to address the issue." (emphasis added). Under *Colorado River* and *Growe*, this Court "must defer."

Finally, the non-interference principles of *Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006), also counsel against federal court intervention. *Purcell* constrains federal courts—it does not authorize this Court to override a state supreme court's authoritative interpretation of state law. As Justice Kavanaugh noted, "It is one thing for a State on its own to toy with its election laws close to a State's elections. But it is quite another thing for a federal court to swoop in and re-do a State's election laws in the period close to an election." *Merrill v. Milligan*, 142 S. Ct. 879, 881 (2022) (Kavanaugh, J., concurring in grant of stay). Plaintiffs seek exactly what Justice Kavanaugh warned against: a federal court "swooping in" to override a state court's determination of how

state election law operates. Federalism and comity prohibit substituting federal judicial judgment for a state court's application of state constitutional law.

## II. The Supreme Court Ruling on a Stay Would Not Substantially Impact this Court's Jurisdiction

A Supreme Court ruling on a stay—whether to grant or deny—would not cure the jurisdictional defects that plague this collusive case.[1] As detailed in Proposed Intervenors' motion to dismiss, Plaintiffs lack standing, they have brought a forbidden collusive case, and the Anti-Injunction Act plainly prohibits this Court from enjoining a state court injunction. A stay, moreover, "is not a ruling on the merits . . . ." *Merrill*, 142 S. Ct. at 880 (Kavanaugh, J., concurring in grant of stay). A stay (if granted) would also likely be "treated as a petition for a writ of certiorari," giving the full Court jurisdiction under 28 U.S.C. § 1257. Review by certiorari is the only authorized means of reviewing the Missouri Supreme Court's decision; this case is plainly an attempted end-run around that statutory avenue.

Nor would the Supreme Court's ruling on a stay alter the abstention analysis under *Rooker-Feldman*, *Younger*, *Colorado River*, or *Purcell*. Indeed, should the Supreme Court grant a stay, the case for abstention under *Colorado River* would be significantly stronger.

## CONCLUSION

For the reasons set forth above and in their Motion to Dismiss, Proposed Intervenor-Defendants respectfully request that this Court dismiss Plaintiffs' Complaint with prejudice.

---

[1] The State's Motion to Dismiss (on sovereign immunity grounds) and proposed order (ECF 28) lay bare the collusion. If the State is dismissed, the only defendant left *consents* to a TRO and *agrees* with the Plaintiff. Moreover, the proposed order asks that the State be dismissed "without prejudice" and that the Secretary remain in the case. What Defendant proposes such a thing?

Respectfully submitted

**STINSON LLP**

*/s/ Charles W. Hatfield*
Charles W. Hatfield, No. 40363
Jeremy A. Root, No. 59451
Alexander C. Barrett, No. 68695
Alixandra S. Cossette, No. 68114
Greta M. Bax, No. 73354
230 W. McCarty Street
Jefferson City, Missouri 65101
Phone: (573) 636-6263
Facsimile: (573) 636-6231
chuck.hatfield@stinson.com
jeremy.root@stinson.com
alexander.barrett@stinson.com
alix.cossette@stinson.com
greta.bax@stinson.com

*Attorneys for Proposed Intervenors*

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2026, I electronically filed the foregoing using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Charles W. Hatfield*
Charles W. Hatfield