**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CONGRESSMAN ROBERT "BOB" ONDER, RICHARD "RICK" BRATTIN, PATRICIA "PAT" THOMAS, and DEBRA HAVENS, | ) | |
| Plaintiffs, | ) | Case No. 4:26-cv-01424-SRC |
| v. | ) | |
| STATE OF MISSOURI and DENNY HOSKINS, in his official Capacity as Missouri Secretary of State, | ) | |
| Defendants. | ) | |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM REGARDING *ROOKER-FELDMAN*, ABSTENTION, AND EFFECT OF STAY APPLICATION**

Plaintiffs Congressman Bob Onder, Rick Brattin, Pat Thomas, and Debra Havens ("Plaintiffs") submit this Supplemental Memorandum as directed by the Court's Order dated September 5, 2026 (Doc. #13).

## I. THE PENDING SUPREME COURT STAY APPLICATION DOES NOT DIVEST THIS COURT OF JURISDICTION.

A pending emergency stay application in a different case, between different parties in a different procedural posture, does not divest this Court of jurisdiction over these Plaintiffs' independent federal action. *Hoskins v. von Glahn*, No. 26A-304 (U.S.), is an application to stay enforcement of the *von Glahn* judgment pending the Secretary's anticipated petition for certiorari, on two independent grounds: (1) that requiring the State to revert to the 2022 map after the August 4, 2026 primary

violates Article I, Section 2 and the Equal Protection Clause, and (2) that the Missouri Supreme Court displaced the General Assembly's redistricting authority without the clear statement the Elections Clause requires. A discretionary stay ruling on those grounds does not require dismissal of this action, which seeks to protect Plaintiffs' rights as candidates and voters. At most, it affects whether particular relief is still needed, not whether this Court has power to decide the case.

The two grounds track this Complaint's two constitutional theories closely enough that the Court's disposition of the stay application may bear on which of Plaintiffs' claims remains live so long as a stay is in place, but not on this Court's jurisdiction to decide either. If the Supreme Court stays enforcement only on the State's first ground (Article I, Section 2 and Equal Protection), that will grant Plaintiffs the practical relief their Article I, Section 2 and Equal Protection claim seeks only so long as the stay remains in place. Moreover, the Elections Clause claim, addressed to a distinct legal question (whether Missouri's referendum provision may reach congressional redistricting at all absent a clear statement) would remain live regardless. If the Supreme Court stays enforcement on both grounds, Plaintiffs might receive practical relief, but again only so long as the stay remains in place. A later-lifted stay would simply restore Plaintiffs' live claims. In no scenario does the pending application require dismissal of an otherwise-live claim; it at most may narrow or delay what remains for decision.

Plaintiffs will promptly inform the Court of any ruling on the stay application by the U.S. Supreme Court and how, if at all, such a ruling may counsel in favor of

holding certain of Plaintiffs' claims in abeyance or proceeding expeditiously to the merits of this case.

"The doctrine of abstention [] is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colorado River Conservation District v. United States*, 424 U.S. 800, 813 (1976) quoting *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 188-189 (1959). The decision of the Supreme Court on a stay application is not the same as a concurrent merits case on the same issues pending in another district court as was the case in *Colorado River*. *Id.* at 818-19. There is no chance of a "piecemeal adjudication of [] rights." *Id.* at 819. Here, the abstention doctrine does not apply.

*Malliotakis* does not counsel a different result, and Justice Alito's concurrence explains why. The stay in that case rested on the All Writs Act, which authorizes relief only when "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Malliotakis v. Williams*, 146 S. Ct. 809, 811 (2026) (quoting *Atlantic Coast Line R. Co. v. Locomotive Engineers*, 398 U.S. 281, 295 (1970)). That stay protected the Supreme Court's own prospective appellate jurisdiction over the very litigation before it — the same parties, the same claims, on their way to the same Court via certiorari. Id. at 810-11. It is not, and does not purport to be, a holding that the mere pendency of one party's request for review displaces a distinct federal action by different plaintiffs raising claims the reviewing court has not decided. Here, Plaintiffs are strangers to *Hoskins v. von Glahn*, No. 26A-304, just

as they are strangers to *von Glahn v. Hoskins* itself, and their Article I, Section 2 and Equal Protection claims — arising from the primary-to-general map switch — are not before the Supreme Court in that stay application at all.

## II. THE *ROOKER-FELDMAN* DOCTRINE DOES NOT APPLY.

*Rooker-Feldman* is a narrow doctrine, confined to cases brought by state-court losers complaining of injuries caused by a state-court judgment and inviting a federal district court to review and reject that judgment. See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). No Plaintiff meets that description. Plaintiffs were not parties to *von Glahn v. Hoskins*, No. SC101805 (Mo. banc Sept. 3, 2026); Plaintiffs did not litigate, and could not have litigated, their personal claims as primary candidates and reassigned voters in that statutory proceeding under Section 116.200, RSMo.

More fundamentally, the *von Glahn* court itself limited what it decided to "a single reason" for insufficiency: that Missouri's Constitution does not authorize a referendum on legislative redistricting and that "as a matter of law, this is the only reason preserved for this Court's review." *von Glahn*, slip op. at 5 n.5. The court expressly held that any arguments the Secretary raised beyond that single certified reason, "including claimed federal law violations," were "waived and abandoned" and "outside the scope of the secretary's authorized statutory review." *Id.* Nothing in the Article I, Section 2 or Equal Protection causes of action Plaintiffs bring here, which turn on facts particular to the August 4, 2026, primary and the reassignment of voters between the primary and general elections, appears anywhere in the *von Glahn*

opinion; the court had no occasion to address them and expressly disclaimed reaching "federal law violations" of any kind. Plaintiffs do not ask this Court to reverse, modify, or declare void the *von Glahn* judgment on the single state-law ground it actually decided. They ask this Court to enjoin the Secretary, prospectively, from a distinct course of conduct — using a different map for the general election than the one used in the primary — on federal constitutional grounds the Missouri Supreme Court never reached. A claim resting on an injury and a legal theory the state court did not decide, and expressly declined to decide, falls outside *Rooker-Feldman*.

This conclusion follows directly from *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, which confines *Rooker-Feldman* to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments," and which itself recognized that the doctrine "has no application to a federal suit brought by a nonparty to the state suit." 544 U.S. 280, 284, 287 (2005) (citing *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)). The Supreme Court confirmed this rule in *Lance v. Dennis*: "The *Rooker–Feldman* doctrine does not bar actions by nonparties to the earlier state-court judgment simply because, for purposes of preclusion law, they could be considered in privity with a party to the judgment." 546 U.S. 459, 466 (2006) (per curiam). The Eighth Circuit has faithfully applied this rule. *See Riehm v. Engelking*, 538 F.3d 952, 964-65 (8th Cir. 2008) (if a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court itself, *Rooker-Feldman* bars jurisdiction; but if the plaintiff asserts as a legal wrong

an allegedly illegal act by an adverse party, it does not.). Plaintiffs' claims are squarely the latter: they challenge the Secretary's prospective conduct in implementing a particular map, not the correctness of *von Glahn* itself. See also *Shelby Cnty. Health Care Corp. v. S. Farm Bureau Cas. Ins. Co.*, 855 F.3d 836, 840-41 (8th Cir. 2017) (*Rooker-Feldman* inapplicable where the federal plaintiff had no relationship to the state-court parties); *Sutter & Gillham PLLC v. Henry*, 146 F.4th 699 (8th Cir. 2025) (same, reaffirming the illegal-act-by-an-adverse-party distinction).

*In re Skyline Woods Country Club, LLC* does not survive scrutiny under this framework. The panel's *Rooker-Feldman* discussion there, in footnote 23, concluded that the doctrine applied to the actual state-court parties but did *not* apply to the non-party bank. 431 B.R. 830, 837 n.23 (B.A.P. 8th Cir. 2010). The panel's further observation that evidence of collusion "might dictate a different conclusion" was dictum: there was no evidence of collusion in that case, the panel articulated no standard for such an inquiry, and the panel's primary holding rested on res judicata under Nebraska law, not *Rooker-Feldman* at all. *Id.* A footnote's dictum in a bankruptcy appellate panel decision cannot expand a doctrine the Supreme Court has twice narrowed, and no published Eighth Circuit opinion has adopted a collusion-based extension of the doctrine premised on choice of counsel.

## III. *YOUNGER* ABSTENTION DOES NOT APPLY BECAUSE THERE IS NO ONGOING STATE PROCEEDING.

*Younger* abstention requires, among other things, an ongoing state judicial proceeding. *von Glahn* is a final judgment of Missouri's highest court; no further state-court proceeding is pending. The only arguably "ongoing" proceeding is the Secretary's stay application before the United States Supreme Court, which is a federal proceeding, not a state one. *Younger* is concerned with federal-court interference with pending state prosecutions and state civil proceedings; it has no application to a separate federal action merely because a federal appellate remedy (certiorari review of a state judgment) happens to be pending in a different case.

*Huffman v. Pursue, Ltd.* itself confirms the point. The exhaustion requirement *Huffman* announced runs to "state appellate remedies" — that is, appeal through the state's own court system — because allowing earlier federal intervention would let a district court "substitute itself for the State's appellate courts." 420 U.S. 592, 608-09, 613-14 (1975). A losing state litigant "may... seek review in this Court of any federal claim properly asserted in and rejected by state courts" only after the state process, including state appellate review, concludes. *Id.* at 607-08. *Plouffe* and *Tony Alamo Christian Ministries* are consistent: both applied *Younger* where a state proceeding remained pending in the state courts themselves — an attorney disciplinary proceeding not yet concluded, and juvenile-dependency appeals still pending in Arkansas's own appellate courts, respectively. *Plouffe v. Ligon*, 606 F.3d 890, 892-93 (8th Cir. 2010); *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1250-51 (8th Cir. 2012). No state appeal of any kind remains available or pending here.

## IV. CONCLUSION

For the foregoing reasons, neither the abstention doctrines nor the Rooker-Feldman doctrine bars this action, and a ruling on the pending stay application does not divest this Court of jurisdiction.

Respectfully submitted,

**ELLINGER BELL LLC**

By: /s/ Marc H. Ellinger
Marc H. Ellinger, #40828(MO)
Stephanie S. Bell, #61855(MO)
Cole D. Bradbury, #62760(MO)
308 East High Street, Suite 300
Jefferson City, MO 65101
Telephone: (573) 750-4100
Facsimile: (314) 334-0450
E-mail: mellinger@ellingerlaw.com
E-mail: sbell@ellingerlaw.com
E-mail: cbradbury@ellingerlaw.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2026, the foregoing Plaintiffs' Supplemental Memorandum on *Rooker-Feldman*, Abstention, and Effect of Stay Application was filed electronically using the Court's electronic filing system, which sends notification to all counsel of record.

/s/ Marc H. Ellinger