**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| CONGRESSMAN ROBERT "BOB" ONDER, *et al.*, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 4:26-cv-01424-SRC |
| STATE OF MISSOURI *et al.*, | ) | |
| Defendants. | ) | |

**EMERGENCY APPLICATION FOR STAY**

Intervenor-Defendants People Not Politicians and Richard von Glahn (collectively, "Intervenor-Defendants") respectfully move this Court for an immediate administrative stay, and thereafter a full stay pending appeal, of the Temporary Restraining Order entered on September 8, 2026 (the "TRO"). The TRO orders the Secretary not to use "any map other than HB 1" but the Missouri Supreme Court has declared that HB 1 "is not the law and has never been the law" and has affirmatively enjoined the Secretary from using HB 1. This places Missouri's election officials in the impossible position of choosing which court's order to violate. It also places Missouri in the position of being forced to violate federal law by using districts other than those that were established by law. 2 U.S.C. § 2c. The TRO should be stayed because (1) Intervenors are likely to succeed on the merits, (2) they will suffer irreparable harm absent a stay, (3) the balance of equities tips sharply in their favor, and (4) the public interest favors a stay.

A party seeking a stay pending appeal must demonstrate: "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Nken v. Holder*, 556 U.S. 418, 434 (2009). Where, as here, the movant raises "serious

legal questions" going to the court's subject-matter jurisdiction or the constitutionality of the relief granted, the threshold showing on the merits is readily satisfied. *Id.* at 434–35.

## ARGUMENT

### I. Intervenor-Defendants Are Likely to Succeed on the Merits.

Intervenor-Defendants are likely to prevail on the merits for multiple independent reasons, each of which raises serious questions about the Court's jurisdiction and the validity of the TRO.

#### A. A Single Judge Cannot Issue this TRO

Under 28 U.S.C. § 2284(a), "[a] district court of three judges shall be convened . . . when an action is filed challenging the constitutionality of the apportionment of congressional districts." *Shapiro v. McManus*, 577 U.S. 39, 43 (2015) (this "mandatory language 'creates an obligation impervious to judicial discretion'"). The Complaint asks the Court to declare the use of Missouri's ***only*** lawful congressional districts unconstitutional and to mandate use of HB 1—relief that falls squarely within § 2284(a). Under § 2284(b)(3), a single judge's TRO "shall remain in force only until the hearing and determination by the district court of three judges." Intervenors raised the necessity of a three-judge panel in their Motion to Dismiss. Despite entering a TRO, the Court did not convene a three-judge panel or indicate that one would be convened.

#### B. *Rooker-Feldman* Bars This Action as a Disguised Appeal of the *von Glahn* Judgment

This lawsuit is in every material respect an appeal of the Missouri Supreme Court's judgment disguised as an original federal action. Only the United States Supreme Court has jurisdiction to review state court judgments under 28 U.S.C. § 1257. The *Rooker-Feldman* doctrine "forecloses indirect attempts to undermine state court decisions." *Brown v. Sweeney*, 242 F.3d 374 (8th Cir. 2000). While Rooker-Feldman is typically limited to parties to the state court action, the

evidence of collusion may overcome that limitation. *See In re Skyline Woods Country Club, LLC*, 431 B.R. 830, 837 n.23 (B.A.P. 8th Cir. 2010).

### C. *Younger* Abstention and *Colorado River* Counsel Against Federal Intervention and the Anti-Injunction Act Bars Plaintiffs' Requested Relief

The state proceedings remain ongoing—the Secretary's stay application to the Supreme Court invoked review under 28 U.S.C. § 1257—and they implicate "the most important of state interests: administering state elections." *Miller v. Johnson*, 515 U.S. 900, 915 (1995). That stay application was denied today, but the losing parties in *von Glahn* remain free to seek review by writ of certiorari. Furthermore, the Missouri Supreme Court's injunction is, itself, an ongoing order in those proceedings. As Intervenors discussed in their Motion to Dismiss, the relief this Court issued is also barred by the Anti-Injunction Act, which the Court's TRO Order does not address.

## II. Intervenor-Defendants Will Suffer Irreparable Harm Absent a Stay

Intervenor-Defendants have submitted a valid referendum under Missouri law and are entitled to the legal effects of the referendum, including  that "any measure referred to the people shall take effect when approved by a majority of the votes cast thereon, and not otherwise." Mo. Const. art. III, §52(b). The TRO places election officials in an impossible position between two conflicting court orders. The Missouri Supreme Court has declared that HB 1 "is not the law and has never been the law" and enjoined the Secretary from using it. This Court's TRO orders the Secretary not to use anything but HB 1. The Local Election Authorities are thus caught in an inescapable bind: if they use the HB 1 map, they are in contempt of the Missouri Supreme Court; if they use any other map, they are in contempt of the federal district court. No state or local official should be forced to choose which court's order to violate. The irreparable harm to Intervenor-Defendants and Missouri's election infrastructure is self-evident—compliance with one

sovereign's order necessarily means defiance of the other. A stay will allow the question to be resolved.

## III. The Balance of Equities Tips Sharply in Intervenor-Defendants' Favor

A stay would merely preserve the status quo—the congressional map that the Missouri Supreme Court has determined is currently the law—while this Court considers the serious jurisdictional questions raised herein. Petitioner, by contrast, cannot claim cognizable harm from a brief administrative stay because Petitioner has no vested right to elections conducted under a map that the state's highest court has declared is not the law. The equities overwhelmingly favor preventing the chaos of conflicting judicial mandates over any marginal delay in adjudicating Petitioner's claims.

## IV. The Public Interest Favors a Stay

The public has a paramount interest in orderly, lawful elections administered without confusion. An administrative stay would restore election officials' ability to comply with the state court's mandate while this Court considers the merits. Conversely, allowing the TRO to stand while its jurisdictional basis remains in serious doubt risks sowing confusion among voters, candidates, and election administrators across Missouri's eight congressional districts. The Supreme Court has repeatedly emphasized that federal courts should exercise caution before disrupting state election procedures. *See Purcell v. Gonzalez,* 549 U.S. 1, 4–5 (2006) (per curiam). That principle applies with full force here.

## CONCLUSION

For the foregoing reasons, Intervenor-Defendants respectfully request that this Court immediately enter a stay of the temporary restraining order.

Respectfully submitted,

**STINSON LLP**

*/s/ Alixandra S. Cossette*
Charles W. Hatfield, No. 40363
Jeremy A. Root, No. 59451
Alexander C. Barrett, No. 68695
Alixandra S. Cossette, No. 68114
Greta M. Bax, No. 73354
230 W. McCarty Street
Jefferson City, Missouri 65101
Phone: (573) 636-6263
Facsimile: (573) 636-6231
chuck.hatfield@stinson.com
jeremy.root@stinson.com
alexander.barrett@stinson.com
alix.cossette@stinson.com
greta.bax@stinson.com

*Attorneys for Intervenor-Defendants*
*People Not Politicians and Richard von Glahn*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, I electronically filed the foregoing using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Alixandra S. Cossette*