**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

CONGRESSMAN ROBERT "BOB" ONDER, et al.,

*Plaintiffs*,

v.

STATE OF MISSOURI and DENNY HOSKINS,

*Defendants*,

RICHARD VON GLAHN, et al.,

*Intervener-Defendants*.

Case No. 4:26-cv-01424-SRC

**REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO ENJOIN THE MISSOURI SUPREME COURT PURSUANT TO THE ALL WRITS ACT**

## ARGUMENT

Having urged the Missouri Supreme Court to overrule, and election officials to ignore, this Court's order, Intervenor-Defendants now insist this Court cannot stop actions designed to obstruct it. They are wrong. Given the time-sensitive nature of Defendants' motion, they offer a few quick points in reply.

*First*, injunctions under the All Writs Act "may be directed not only to the immediate parties to a proceeding, but to 'persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and . . . even those who have not taken any affirmative action to hinder justice." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1100 (11th Cir. 2004) (quoting *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 174 (1977)). Intervenor-Defendants ignore both this principle, and the fundamental nature of an injunction under the Act, which "is grounded in entirely separate concerns" from other injunctive relief. *Id.* Further, Intervenor-Defendants greatly expand the general prohibition of the Anti-Injunction Act, which "does not apply where a district court is seeking to protect the integrity or enforceability of existing judgments or orders, rather than its ability to prospectively issue one in a pending case." *Id.* at 1104. The fundamental issue with the pending state-court contempt proceeding is not that a contempt order would harm the Secretary—however wrongly—but instead that it would frustrate this Court's October 8 order and potentially cow local election officials into adopting a map other

than HB 1—all while likely violating Plaintiffs' and others' federal constitutional rights.

*Second*, this Court's authority to issue an injunction does not, as Intervenor-Defendants suggest, require a final judgment. Federal courts of appeals have affirmed the issuance of an injunction under the All Writs Act to protect interlocutory decisions, including temporary restraining orders. *See, e.g. In re Baldwin-United Corp. (Single Premium Deferred Annuities Ins. Litigation)*, 770 F.2d 328, 333 (2d Cir. 1985). Indeed, "[e]ven before a federal judgment is reached . . . the preservation of the federal court's jurisdiction or authority over an ongoing matter may justify an injunction against actions in state court . . . 'to prevent a state court from so interfering . . . as to seriously impair the federal court's flexibility and authority to decide that case.'" *Id.* at 335 (quoting *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 295 (1970)).

If this Court's October 8 order is rendered ineffectual as to the Secretary, there is certainly "the potential for an onslaught of state actions," e.g., against local election officials, where it would be "intolerable to have conflicting orders from different courts." *See id.* at 337. **Intervenor-Defendants are now explicitly asking the Missouri Supreme Court to order local election officials to ignore this Court's order, and to prohibit the Secretary from litigating in this Court.** Ex. A at 13–14. Such requests, if successful, could, by creating a circumstance where some counties may use one map, and others another, threaten the State's ability to hold a constitutional election. *See Evenwel v. Abbott*, 578 U.S. 54, 59 (2016) (under

the principle of "one-person, one vote," states must draw congressional districts "with populations as close to perfect equality as possible" (citing *Kirkpatrick v. Preisler*, 394 U.S. 526, 530 (1969))); *cf. Wesch v. Folsom*, 6 F.3d 1465 (11th Cir. 1993) (upholding injunction prohibiting state court from implementing redistricting plan in violation of order by three-judge panel).

*Third*, this Court has previously rejected the flawed argument that state courts cannot be enjoined under the All Writs Act because they are not parties. *See In re. BankAmerica Corp. Securities Litigation*, 95 F.Supp. 2d 1044, 1049 (E.D. Mo. 2000) ("The . . . argument is specious. The Supreme Court has held that the power . . . 'extends, under appropriate circumstances, *to persons . . . not parties to the original action*.'" (quoting *N.Y. Tel. Co.*, 434 U.S. 159, 174 (1977) (emphasis in original)). This precedent also does away with Intervenor-Defendants' argument that the Missouri Supreme Court is outside this Court's jurisdiction. In *BankAmerica*, the court enjoined the Superior Court of California. *Id.* at 1053. Jurisdiction is proper as to the Missouri Supreme Court, and the Court should exercise that jurisdiction to uphold the supremacy of federal law, the integrity of this proceeding, its own temporary restraining order, and the federal constitutional rights of Missourians.

## CONCLUSION

For the above reasons, the Court should grant Defendants' motion to enjoin the Missouri Supreme Court's contempt proceeding against Secretary Hoskins.

Dated: September 9, 2026

Respectfully submitted,

**CATHERINE L. HANAWAY**
ATTORNEY GENERAL

/s/ *Louis J. Capozzi III*

Louis J. Capozzi III, #77756(MO)
*Solicitor General*
William James Seidleck, #77794(MO)
*Principal Deputy Solicitor General*
J. Michael Patton, #76490(MO)
*Deputy Solicitor General*
Graham Miller, #77656(MO)
*Deputy Solicitor General*

OFFICE OF THE ATTORNEY GENERAL
Old Post Office Building
815 Olive Street, Suite 200
St. Louis, MO 63101
Phone: (573) 645-9662
Louis.Capozzi@ago.mo.gov
William.Seidleck@ago.mo.gov
Michael.Patton@ago.mo.gov
Graham.Miller@ago.mo.gov

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2026 the foregoing was filed electronically through the Court's electronic filing system to be served electronically on counsel for all parties.

/s/ *Louis J. Capozzi III*