UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CONGRESSMAN ROBERT "BOB" ONDER et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF MISSOURI and DENNY HOSKINS,<br><br>Defendants. | ) | Case No. 4:26-cv-01424-SRC |

## **Order**

On September 8, 2026, Intervenor-Defendants filed an Emergency Application for Stay, doc. 38, asking this Court to stay its temporary restraining order issued earlier that day, doc. 35. For the reasons discussed below, the Court denies Intervenor-Defendants' stay application.

### I. Discussion

#### A. 28 U.S.C. § 2284

28 U.S.C. Section 2284(a) does not apply. The statute requires the appointment of a three-judge panel "when an action is filed challenging the constitutionality *of the apportionment of congressional districts*," *id.* (emphasis added), but Plaintiffs do not contest the constitutionality of the underlying apportionment in the prior congressional district map from 2022, *see generally* doc. 1. Instead, they challenge only that the Secretary of State can, consistent with the United States Constitution, *switch congressional district maps* between the primary and general elections. Doc. 1 at ¶¶ 50–109.

Even if Section 2284(a) applied, the statute explicitly allows a single judge to enter a temporary restraining order. 28 U.S.C. § 2284(b)(3) ("A single judge . . . may grant a temporary

restraining order on a specific finding, based on evidence submitted, that specified irreparable damage will result if the order is not granted, which order, unless previously revoked by the district judge, shall remain in force only until the hearing and determination by the district court of three judges of an application for a preliminary injunction."). The Court's TRO remains in effect for fourteen days from issuance, and the Court may extend it. *See* doc. 35 at 13 (The Court cites to page numbers as assigned by CM/ECF.); Fed. R. Civ. P. 65(b)(2) (A TRO "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period . . . ."). Section 2284 thus does not bar the relief that the Court issued.

**B. *Rooker-Feldman* doctrine**

"*Rooker-Feldman* bars suits in federal district court that 'see[k] what in substance would be appellate review of [a] state judgment." *T.M. v. Univ. of Md. Med. Sys. Corp.*, 146 S. Ct. 1739, 1749 (2026) (alterations in original) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). The doctrine "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The *Rooker-Feldman* doctrine does not apply here. First, Plaintiffs' Complaint raised issues distinct from that which the Supreme Court of Missouri addressed. The Supreme Court of Missouri expressly limited its decision to a single issue of state law—whether the Missouri Constitution authorizes referenda on the adoption of new congressional district maps. *See von Glahn v. Hoskins*, No. SC101805, 2026 WL 2628846, at *2 n.5 (Mo. Sep. 3, 2026) (en banc). In sharp contrast, Plaintiffs' Complaint in this Court raised only federal law claims. Doc. 1 at

¶¶ 50–109. Plaintiffs therefore did not ask this Court to "review and reject[]" the judgment of the Supreme Court of Missouri. *Exxon Mobil Corp.*, 544 U.S. at 284.

Second, Plaintiffs are not "state-court losers complaining of injuries caused by state-court judgments." *Id.* The Plaintiffs here were not parties to and did not participate in the state case, so the *Rooker-Feldman* doctrine does not apply to them. Intervenor-Defendants counter that "evidence of collusion may overcome" the "state-court losers" limitation, citing speculative dicta in a footnote of a bankruptcy-appellate-panel case that itself cited no supporting authority. *See* doc. 38 at 2–3 (citing *In re Skyline Woods Country Club, LLC*, 431 B.R. 830, 837 n.23 (B.A.P. 8th Cir. 2010)). Even if it were a holding, which it isn't, it doesn't bind this court. *See In re Watkins*, 461 B.R. 57, 59 n.2 (Bankr. W.D. Mo. 2011) ("[Bankruptcy Appellate Panel] opinions are not binding on the Bankruptcy or District Courts . . . ."); *In re Pepmeyer*, 273 B.R. 782, 785 (N.D. Iowa 2002).

### C. Abstention doctrines

#### 1. *Younger*

*Younger* abstention does not require that the Court stay this case. First, as a general rule, "[a]bstention is not in order simply because a pending state-court proceeding involves the same subject matter." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (citation omitted). *Younger* abstention applies to bar federal relief in only "three 'exceptional' categories," sometimes called *NOPSI* categories after *New Orleans Public Service, Inc. v. Council of New Orleans*, 491 U.S. 350 (1989) ("*NOPSI*"): (1) "federal-court adjudication of the constitutionality" of a state criminal statute "pending state criminal prosecution"; (2) federal-court adjudication pending a state-initiated civil proceeding 'in aid of and closely related to [the State's] criminal statutes'"; and (3) federal-court adjudication "interfering with

pending 'civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions," *Sprint Commc'ns,* 571 U.S. at 77–78 (alterations in original) (first citing *Younger v. Harris*, 401 U.S. 37, 53–54 (1971); then quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975); and then quoting *NOPSI*, 491 U.S. at 368).

If the case falls into a *NOPSI* category, courts then address three additional factors, called the *Middlesex* factors: whether there is "(1) an ongoing state judicial proceeding that (2) implicates important state interests and (3) provides the federal plaintiff adequate opportunity to raise federal challenges." *Wassef v. Tibben*, 68 F.4th 1083, 1087 (8th Cir. 2023) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432–35 (1982)). Even if the case falls into a *NOPSI* category and meets the *Middlesex* factors, a court may still exercise jurisdiction where an "extraordinary circumstance" counsels against abstention. *Id.* (quoting *Middlesex Cnty. Ethics. Comm.*, 457 U.S. at 435).

This case neither falls into a *NOPSI* category nor meets the *Middlesex* factors, so abstention is inappropriate. First, federal-court adjudication of federal constitutional claims after the issuance of a state-court's judgment on state-law claims doesn't fall into any of the three *NOPSI* categories. Intervenor-Defendants don't explain which category this case falls into, instead skipping straight to the *Middlesex* factors. *See* doc. 33 at 13; doc. 38 at 3. But even if this case fell into a *NOPSI* category, not all *Middlesex* factors counsel in favor of abstention.

To the contrary, two of the three *Middlesex* factors counsel against abstaining here. Von Glahn and People Not Politicians had already exhausted their state-court remedies, and the Supreme Court of Missouri had already issued its judgment and order with an express bar on any post-disposition motions, when Plaintiffs here filed suit. *Compare von Glahn*, 2026 WL 2628846, at *7 (filed on September 3 and further mandating "[n]o Rule 84.17 motions are

permitted”), *with* doc. 1; *see Huffman*, 420 U.S. at 609 (holding that *Younger* abstention applies where “a losing litigant has not exhausted his state appellate remedies”). Thus, the Supreme Court of Missouri having fully and finally decided the case, no state-court proceedings were ongoing or pending. *See Pending*, *Black's Law Dictionary* (12th ed. 2024) (“Remaining undecided; awaiting decision[.]”); *see also von Glahn*, 2026 WL 2628846, at *7 (entering judgment); *von Glahn v. Hoskins*, No. SC101805 (Sep. 4, 2026) (denying motion for stay pending appeal).

Intervenor-Defendants rely on the then-pending request for Supreme Court review to show the state case was ongoing, but Intervenor-Defendants cite caselaw supporting that “state court proceedings were ongoing *until*” the state supreme court renders its judgment. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1251 (8th Cir. 2012) (emphasis added). And it’s hard to find that a state proceeding is “pending” or “ongoing” when Intervenor-Defendants also argue that the *Rooker-Feldman* doctrine, which applies to “state-court losers complaining” about “state-court judgments rendered before the district court proceedings commenced,” bars this action. *Exxon Mobil Corp.*, 544 U.S. at 284; *see* doc. 33 at 10–11; doc. 38 at 2–3. At bottom, without an ongoing state proceeding, *Younger* abstention is inappropriate.

Even if state proceedings were ongoing, Plaintiffs here did not have the opportunity to raise federal challenges in the state court, as they were not parties to that case. *See* docket, *von Glahn v. Hoskins*, No. SC101805 (Mo. 2026). And Plaintiffs’ legal positions and interests are not “so intertwined” with the state-court parties “that [] *Younger* abstention [is] warranted.” *Womens Servs., P.C. v. Douglas*, 653 F.2d 355, 358, 359 (8th Cir. 1981) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 928–29 (1975)) (finding *Younger* abstention inappropriate where federal-court plaintiff and state-court defendant differed in identity, control, legal theories, and legal interests).

Because the prerequisites to apply *Younger* don't converge here, the Court must live up to its "virtually unflagging obligation . . . to exercise the jurisdiction given" to it. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

### 2. *Colorado River*

"*Colorado River* [abstention] permits federal courts to decline to exercise jurisdiction over cases where 'parallel' state court litigation is pending . . . ." *Spectra Commc'ns Grp., LLC v. City of Cameron*, 806 F.3d 1113, 1121 (8th Cir. 2015). A state-court case is "parallel" when it's "substantial[ly] likel[y] that the state proceedings will fully dispose of the claims presented in the federal court." *Id.* (quoting *Cottrell v. Duke*, 737 F.3d 1238, 1245 (8th Cir. 2013)). As described above, the judgment of the Supreme Court of Missouri, by its own terms, resolved only a state-law issue, and Plaintiffs' Complaint here raises only federal-law claims. So no "parallel" state-court case exists in which "the state proceedings will fully dispose of the claims presented in federal court." *Spectra Commc'ns Grp.*, 806 F.3d at 1121. Had the state court decided federal issues, we might be in a different situation; it didn't, so we're not. *Colorado River* abstention does not apply.

### D. Anti-Injunction Act

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. But Plaintiffs were not part of the state-court proceedings, and the Supreme Court has made clear that the Anti-Injunction Act does not bar federal courts from granting injunctive relief against executive officials requested by "strangers to [a] state court proceeding" that issued an injunction. *Imperial Cnty. v. Munoz*, 449 U.S. 54, 59 (1980) (quoting *Hale v. Bimco Trading,*

*Inc.*, 306 U.S. 375, 378 (1939)). Otherwise, the state-court injunction would "[bind] the independent suitor in the federal court as though he were a party to the litigation in state court," a proposition the Supreme Court rejected. *Hale*, 306 U.S. at 378. It is beyond cavil that Plaintiffs did not participate in the state-court proceeding. They sue now in their capacities as primary voters and candidates—capacities that have no overlap with the state-court parties. Doc. 1 at ¶¶ 1–9. They are thus "strangers to the state court proceeding" and cannot be "bound 'as though [they] were part[ies] to the litigation in the state court'" by the state court's injunction. *Hale*, 306 U.S. at 378. The Anti-Injunction Act does not bar the relief this Court granted.

**E. Public interest and balance of harms**

Notably, the Eighth Circuit Court of Appeals has denied Intervenor-Defendants' motion for a stay pending appeal because that court "either lack[s] jurisdiction over the appeal or, based on the briefing . . . so far, the stay factors have not been met. *Onder v. Missouri*, No. 26-2797 (8th Cir. Sep. 9, 2026); *see Nken v. Holder*, 556 U.S. 418, 425–26 (2009); *see also In re Rutledge*, 956 F.3d 1018, 1026 (8th Cir. 2020) (explaining that the Eighth Circuit "ordinarily lack[s] jurisdiction to hear an interlocutory appeal from the district court's grant . . . of a TRO")."

The Court continues to adhere to the balance-of-harms and public-interest analysis from its September 8 Order granting the TRO. Doc. 35 at 5, 11–12. Indeed, staying the TRO now would fly in the face of the *Purcell* interests that the Court discussed in its prior order by further heightening voter confusion, the disincentive to vote, and the chaos into which Missouri's electoral process was already cast before this Court's prior order. *See Purcell v. Gonzalez*, 549 U.S. 1, 4–5 (2006) (per curiam).

## II. Conclusion

Accordingly, the Court denies Intervenor-Defendants' [38] Emergency Application for Stay.

So ordered this 9th day of September 2026.

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE