UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CONGRESSMAN ROBERT "BOB" ONDER et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 4:26-cv-01424-SRC |
| STATE OF MISSOURI and DENNY HOSKINS, | ) | |
| Defendants. | ) | |

**Order**

On September 25, 2026, the Supreme Court of the United States stayed this Court's September 21, 2026 and September 22, 2026 injunctions, as well as the Eighth Circuit's September 21, 2026 mandate and September 22, 2026 order. *People Not Politicians v. Onder*, No. 26A388, 2026 WL 2883222, at *3 (U.S. Sep. 25, 2026). The Court duly acknowledges and respects the Supreme Court's stay of the injunctions and will remain steadfastly faithful to the stay.

The stay undoubtedly leaves questions about the extent to which the Court retains jurisdiction over certain aspects of this case that are unrelated to the stay and matters within its ambit. The Supreme Court's stay of the mandate means that jurisdiction over the matters on appeal remains with the Eighth Circuit. *See State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999) (stating appeal divests the district court "of jurisdiction over matters on appeal"); *Carlson v. Hyundai Motor Co.*, 222 F.3d 1044, 1045 (8th Cir. 2000) ("Issuance of the mandate formally marks the end of appellate jurisdiction."). To determine the scope of the

"aspects of the case involved in the appeal," and therefore the Court's jurisdiction, the Court will set a status conference. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

The Court orders the parties to appear for a status conference on October 30, 2026, at 12:30 p.m. via Zoom. Lead trial counsel must appear for the conference. The parties should be prepared to discuss:

1. what aspects of the case, if any, this Court retains jurisdiction over;

2. which, if any, of the outstanding motions (the motion for leave to file a statement in response, doc. 17; the motion for leave to exceed page limit, doc. 18; the motion for leave to file a corrected memorandum, doc. 24; the motion to dismiss the State of Missouri, doc. 28; and the motion to dismiss the complaint, doc. 33) the Court may rule on pending any further order of the Supreme Court;

3. at what point the parties believe this Court will regain jurisdiction over the substantive aspects of this case; and

4. whether any of Plaintiffs' claims remain live after the November 3, 2026 General Election and, if so, whether any of those claims involves a challenge to the constitutionality of the apportionment of Congressional districts, and the parties' proposed timeline for resolution of those claims.

Case participants will receive a separate email with a link for accessing the conference. Members of the general public who wish to listen to the conference are directed to call the following number to listen by phone: 1-669-254-5252. The Meeting ID is 160 748 7975. Pursuant to Local Rule 13.02, all means of photographing, recording, broadcasting, and televising are prohibited in any courtroom, and in areas adjacent to any courtroom, except when authorized by the presiding judge. *See* E.D.Mo. L.R. 13.02. This includes proceedings ordered by the Court to be conducted by phone or video.

So ordered this 23rd day of October 2026.

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE